# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-0822V**

| | |
|---|---|
| STEVEN WILLIAMS,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: October 26, 2026 |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS[1]

On May 28, 2024, Steven Williams filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following a tetanus-diphtheria-acellular pertussis vaccination he received on May 6, 2023. Petition, ECF No. 1. On June 30, 2026, I issued a decision awarding damages to Petitioner based on the parties' stipulation. ECF No. 33.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $17,812.80 ($17,339.80 in fees plus $473.00 in costs). Petitioner's Application for Attorneys' Fees ("Motion") filed September 24, 2026, ECF No. 39. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. ECF No. 39 at 2.

Respondent reacted to the Motion on September 29, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. However, Respondent notes that in some instances Petitioner's counsel inappropriately billed for administrative tasks. Response to Motion at ECF No. 40. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find it appropriate to reduce the amount of attorney fees to be awarded, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for attorney work performed through 2026 are reasonable and consistent with prior determinations and will therefore be awarded herein.

However, the billing records reveal that paralegals billed for filing documents – something considered an administrative task.[3] Billing at any professional rate for clerical and other administrative work is not permitted in the Vaccine Program. *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). *See* also *Floyd v. Sec'y of Health & Human Servs*., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences...preparing compact discs...and filing documents through the CM/ECF system."); *Kerridge v. Sec'y of Health & Human Servs*., No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver v. Sec'y of Health & Human Servs*., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

In evaluating a fees motion, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments. Here, such an overall cut is reasonable, and preferrable to a time-consuming line-by-line review of the bill. I therefore reduce the total amount of paralegal fees by *five* percent, as a fair adjustment to account for the

[3] The following are billing entries considered administrative and non-compensable: 5/28/2024, 5/30/2024 (two entries), 1/3/2025, 3/31/2025, 5/15/2025 (three entries), 5/27/2025 (three entries), 10/30/2025, 12/15/2025, 1/15/2026, 2/18/2026, 6/29/2026, 7/31/2026. ECF No. 39 at 7-17.

administrative task issue mentioned. **Application of the foregoing reduces the total amount of attorney fees to be awarded by $323.99**.[4]

## ATTORNEY COSTS

Petitioner's requests $473.00 in overall costs. ECF No. 39 at 19-23. These costs include medical record requests, the Court's filing fee, and mailing fees. I find the requested costs to be reasonable, and award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $17,488.81 ($17,015.81 in fees plus $473.00 in costs)**, to be paid through an ACH deposit to Petitioner's counsel of record IOLTA account for prompt disbursement. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] This amount is calculated as follows: $6,479.80 x 0.05 = $323.99.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.